UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON

**ROBERT BLAKE,**

      **Plaintiff,**

**v.**                                         **Case No. 2:12-cv-01427**

**SHERRY COOK,**
**JENNIFER BALLARD,**
**DAVID BALLARD, and**
**JIM RUBENSTEIN,**

      **Defendants.**

---

**ROBERT BLAKE,**

      **Plaintiff,**

**v.**                                         **Case No. 2:12-cv-01446**

**JIM RUBENSTEIN,**
**WARDEN DAVID BALLARD,**
**JENNIFER BALLARD, and**
**SHERRY COOK,**

      **Defendants.**

**ROBERT BLAKE,**

      **Plaintiff,**

**v.**                                                                  **Case No. 2:12-cv-01513**

**JIM RUBENSTEIN,**
**WARDEN DAVID BALLARD,**
**JENNIFER BALLARD, and**
**SHEER COOK,**

      **Defendants.**

## PROPOSED FINDINGS AND RECOMMENDATION

These three cases were filed by the plaintiff, Robert Blake, #23615, an inmate at the Mount Olive Correctional Complex ("MOCC") in May of 2012. The three complaints in these matters name the same four defendants and concern the following claim [spelling corrections made from originals]:

> I believe that I am being discriminated against by being denied the chance to take the therapeutic program [to where I can get off this Quality of Life Program], so I may be able to take class and education programs, to have when I see the Parole Board, in the future so I may go home to my family.

(Case No. 2:12-cv-01427, ECF No. 1 at 4; Case No. 2:12-cv-01446, ECF No. 2 at 4; Case No. 2:12-cv-01513, ECF No. 1 at 4.) In all three matters, the relief sought by the plaintiff is injunctive in nature. He requests that he be given the opportunity to take the therapeutic program, in order to complete the Quality of Life (QOL) Program, and return to the mainline population, so he may take educational programs that are not offered to those in the QOL Program. (*Id.* at 5.)

Because these three remaining cases allege the same claims against the same defendants, arising out of the same conduct, for reasons of judicial economy and fairness, the undersigned proposes that the presiding District Judge **FIND** that there is good cause to consolidate these three matters.

Furthermore, since the time these complaints were filed, the plaintiff has been transferred to the Huttonsville Correctional Center ("HCC"), which is located within the Northern District of West Virginia. In light of the plaintiff's transfer to HCC, his requests for relief, which are solely injunctive in nature, are now moot.

The power of the federal courts to adjudicate claims turns on the existence of a case or controversy. U.S. Const., art. III, § 2; *Daimler-Chrysler Corp. v. Cuno*, 547 U.S. 332, 352 (2006). "When a case or controversy ceases to exist because the issue is no longer live or a party 'lack[s] a legally cognizable interest in the outcome[,]' preventing the court from granting effective relief, the claim becomes moot, and the court lacks the constitutional authority to adjudicate the issue." *Taylor v. Riverside Regional Jail Authority*, 2011 WL 6024499 *4 (E.D. Va., Dec. 2, 2011) (citing *Powell v. McCormack*, 395 U.S. 486, 496 (1969) and *North Carolina v. Rice*, 404 U.S. 244, 246 (1971)).

As noted in *Taylor*, well-established Fourth Circuit precedent has recognized that "the transfer or release of an inmate from the facility where he suffered the challenged conditions 'moots his claims for injunctive and declaratory relief' pertaining to his imprisonment." 2011 WL 6024499 at *4; *see also Rendellman v. Rouse*, 569 F.3d 182, 186 (4th Cir. 2009) ("as a general rule, a prisoner's transfer or release from a particular prison moots his claims for injunctive and declaratory relief with respect to his incarceration there.")

For these reasons, the undersigned proposes that the presiding District Judge **FIND** that the plaintiff's singular request for injunctive relief is moot and, therefore, the plaintiff's Complaints fail to state a claim upon which relief may be granted.

## **RECOMMENDATION**

For the reasons stated herein, it is respectfully **RECOMMENDED** that the presiding District Judge **CONSOLIDATE** these three civil actions and **DISMISS** the plaintiff's Complaints, pursuant to 28 U.S.C. § 1915A(b)(1), for failure to state a claim upon which relief may be granted. It is further respectfully **RECOMMENDED** that the presiding District Judge waive the applicable filing fees in these matters.[1]

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Thomas E. Johnston, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and three days (mailing) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of

---

[1] Because the plaintiff has previously filed at least three (3) cases that have been found to be frivolous or to fail to state a claim upon which relief can be granted, pursuant to 28 U.S.C. § 1915(g), he is prohibited from proceeding without prepayment of the applicable filings fees, unless he under imminent danger of serious physical injury. The plaintiff has had numerous other cases filed in this court, which have been dismissed pursuant to this provision.

In Case No. 2:12-cv-01446, the plaintiff filed an Application to Proceed Without Prepayment of Fees and Costs (ECF No. 1), which was denied pursuant to section 1915(g). (ECF No. 6.) The plaintiff was advised that any filing fees received would be applied to his cases pending at that time in the order in which they were filed. The plaintiff failed to file Applications to Proceed Without Prepayment of Fees and Costs in Case Nos. 2:12-cv-01427 and 2:12-cv-01513. However, an order directing the plaintiff to file such applications now would be pointless, as they would also be denied under section 1915(g), as the plaintiff has not alleged that he is under imminent danger of serious physical injury.

Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to opposing counsel and Judge Johnston.

The Clerk is directed to file this Proposed Findings and Recommendation, to mail a copy of the same to Plaintiff at the Huttonsville Correctional Center, and to transmit it to counsel of record.

March 21, 2013

Mary E. Stanley
United States Magistrate Judge